# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOANNE DAVIS,

        Plaintiff,

v.                                          Case No. 8:22-cv-2964-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.
_____

## OPINION AND ORDER[2]

### I.  Status

Joanne Davis ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of spinal stenosis, scoliosis, chronic obstructive pulmonary disorder (COPD), emphysema, issues with her ankles and knees, high blood pressure, elevated sugars, angina pectoris, atherosclerosis of the aorta/mild coronary

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed March 29, 2023; Reference Order (Doc. No. 20), entered March 29, 2023.

artery disease, dyslipidemia, hypercholesterolemia, various spinal issues, bone spurs, arthritis, lung issues, gastroesophageal reflux disease (GERD), and numbness in her hands and arm. Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed March 29, 2023, at 103-04, 123, 340, 393. Plaintiff protectively filed an application for DIB on December 26, 2019, alleging a disability onset date of December 19, 2019.[3] Tr. at 306-10, 311-21. The application was denied initially, Tr. at 103-17, 118, 119, 121, 157-63, and upon reconsideration, Tr. at 122-45, 146, 147, 150, 167-86.[4]

On December 21, 2021, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 52-78. On March 9, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-24.

---

[3] Although actually completed on December 30, 2019 or soon thereafter, see Tr. at 311, 313, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as December 26, 2019, see, e.g., Tr. at 103, 123. The administrative transcript also contains an application for supplemental security income (SSI), Tr. at 296-305, but Plaintiff does not make any contentions on appeal regarding it.

[4] Some of these cited documents are duplicates.

[5] The hearing was held via telephone because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 54-55, 191-206. The transcript of the hearing reflects that Plaintiff's counsel objected to proceeding by telephone, Tr. at 55, although Plaintiff, through counsel, submitted a form prior to the hearing indicating her consent to proceeding by phone, Tr. at 223-24, 254. Regardless, Plaintiff has not raised as an issue that the hearing was held improperly.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional medical evidence and correspondence. See Tr. at 5-6 (Appeals Council exhibit list and order), 32-40, 45-51, 79-102, 262-63 (medical evidence and correspondence), 284 (request for review). On December 12, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On December 29, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the ALJ: 1) "erred as a matter of law by failing to include limitations relating to concentration in the residual functional capacity [('RFC')] assessment . . . despite finding the medical opinion suggesting limitations in that area persuasive"; 2) "erred as a matter of law by failing to consider and include limitations relating to Plaintiff's bilateral carpal tunnel syndrome in assessing the [RFC]"; 3) erred in determining the RFC in general "because it did not adequately evaluate Plaintiff's subjective complaints"; and 4) "erred as a matter of law by failing to properly evaluate the medical necessity of the walker." Plaintiff's Brief (Doc. No. 22; "Pl.'s Br."), filed April 24, 2023, at 1 (capitalization omitted); see id. at 9-14 (issue one), 14-18 (issue two), 18-22 (issue three), 22-24 (issue four). On July 18, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 27; "Def.'s

Mem.") addressing the issues. Although Plaintiff was permitted to reply, see Endorsed Order (Doc. No. 29), she declined to do so. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of

---

[6]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-23. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 19, 2019, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: spine disorders, COPD, degenerative joint disease, hypertension, atherosclerosis of the aorta." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform sedentary work as defined in 20 CFR [§] 404.1567(a) . . . except, lifting and carrying 10 pounds occasionally, less than 10 pounds frequently; sitting for 6 hours, standing for 2 hours, walking for 2 hours; she can push/pull as much as she can lift/carry. She can operate hand controls with the right hand frequently. She can handle items frequently with the right hand and has fingering limitations frequently with the right hand. [Plaintiff] can climb ramps and stairs occasionally, can never climb ladders, ropes, or scaffolds, can balance frequently, and can stoop, kneel, crouch, and crawl occasionally. [Plaintiff] can work at unprotected heights frequently, moving mechanical parts frequently, in dust, odors, fumes and pulmonary irritants occasionally, in extreme cold occasionally, and in vibration frequently. Her other limitations include a sit/stand alternative or

>  ability to alternate positions after 30 minutes, and frequent extension, rotation and flexion of the neck.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Property Manager." Tr. at 22 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 22-23. After considering Plaintiff's age ("61 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that there are "jobs [that exist] in significant numbers in the national economy" that Plaintiff can perform given her transferrable skills, Tr. at 22 (emphasis omitted), such as "Manager Office," "Billing Clerk," and "Information Desk Clerk," Tr. at 23. The ALJ concluded Plaintiff "has not been under a disability . . . from December 19, 2019, through the date of th[e D]ecision." Tr. at 23 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff first argues the ALJ erred in assessing the RFC by failing to include key restrictions from the opinion of examining physician Asma Syed, M.D., which the ALJ found to be persuasive. Pl.'s Br. at 1, 9-14. Defendant essentially concedes the restrictions at issue are missing from the RFC but contends the ALJ was not required to include each and every restriction despite

finding the opinion persuasive. Def.'s Mem. at 5-9. After review and for the reasons stated below, the undersigned finds that the matter is due to be reversed and remanded for reconsideration of Dr. Syed's opinion.

Plaintiff also argues the ALJ erred in failing to address her carpal tunnel syndrome in any way, in failing to make a finding regarding the need for an assistive device, and in evaluating her subjective complaints of pain and other symptoms. Pl.'s Br. at 14-24. It is not necessary to substantively resolve these matters because the first two are essentially omissions that can be cured on remand, and the third can be reevaluated, if necessary. On remand, therefore, the Administration shall address Plaintiff's carpal tunnel syndrome and its effects, if any, on her ability to perform work-related functions; consider whether Plaintiff has a need for an assistive device[7]; and, if appropriate, reevaluate Plaintiff's subjective complaints of pain and other symptoms. A discussion of the consultative examining opinion at issue follows.

---

[7] The ALJ did acknowledge Plaintiff's testimony that she uses a walker, Tr. at 20, and at step three, made certain findings about the use of upper extremities in relation to an assistive device, Tr. at 18. But, the ALJ did not make any explicit finding about whether there is "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." Social Security Ruling 96-9p, 1996 WL 374185, at *7 (SSA 1996). Moreover, the ALJ did not include the use of any assistive device in the RFC. See Tr. at 19. In light of the conflicting evidence on this matter, the Administration on remand shall ensure explicit consideration of it.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[8] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior

---

[8] Plaintiff filed her application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

- 9 -

precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[9]

---

[9] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

At issue here is the August 3, 2020 opinion of Dr. Syed, a consultative examiner. Tr. at 1434-37. After examination, Dr. Syed issued a range of motion report (not at issue), Tr. at 1431-33, and a written report in which she opined Plaintiff "needs intermittent periods of rest in between sitting, standing and walking." Tr. at 1437. According to Dr. Syed, Plaintiff's "[l]ifting abilities and carrying may be limited up to 20-30 pounds secondary to pain." Tr. at 1437. Further, Plaintiff's "[d]riving ability may be limited secondary to chronic pain and difficulty [with] concentration." Tr. at 1437. Dr. Syed concluded, "Sustained concentration may be impaired secondary to pain." Tr. at 1437.

The ALJ summarized the opinion as follows:

> [T]he undersigned has considered the August 3, 2020 consultative examination opinion of Asma Syed, who said [Plaintiff] would need intermittent period of rest between sitting, standing and walking, and could lift and carry up to 20-30 pounds secondary to pain; driving ability may be impaired secondary to pain, and sustained concentration may be impaired secondary to pain. The opinion is persuasive, as it is consistent with the author's own examination and the treatment history as of the date of the examination, and is supported by other substantial evidence of record; including, symptoms reported throughout the record, physical examination findings, results of clinical testing, and diagnoses, which generally support the above opinion.

- 11 -

Tr. at 21 (citation omitted). Yet, when assigning the RFC, the ALJ did not include any concentration limitations and did not include any periods of rest in between sitting, standing, and walking.[10] See Tr. at 19.

The ALJ erred in addressing Dr. Syed's opinion. Having found the opinion to be persuasive, the ALJ should have either incorporated the assigned limitations or adequately explained the election not to do so. The failure to do so here was error. Defendant argues the ALJ did not have to include all of the opinions' limitations, citing a number of unpublished district court opinions. See Def.'s Mem. at 7-8 (citations omitted). Regardless of whether the undersigned agrees with that general proposition, the circumstances of this particular case dictate this result. Unlike a typical situation in which an ALJ omits one or two isolated aspects of an opinion found to be persuasive, here, the opinion was summarized by the ALJ, found persuasive, but then almost the entirety of it was left out of the RFC. Judicial review is frustrated.

In light of the foregoing, the matter must be reversed and remanded for reconsideration of Dr. Syed's opinion. On remand, the Administration shall also address Plaintiff's carpal tunnel syndrome and its effects, if any, on her ability to perform work-related functions; consider whether Plaintiff has a need for an

---

[10] The ALJ did include "a sit/stand alternative or ability to alternate positions after 30 minutes," Tr. at 19, but this does not account for Dr. Syed's opinion that Plaintiff needs rest in between.

assistive device; and, if appropriate, reevaluate Plaintiff's subjective complaints of pain and other symptoms.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the opinion of Dr. Syed regarding Plaintiff's work-related functional limitations;

(B) Address Plaintiff's carpal tunnel syndrome and its effects, if any, on Plaintiff's ability to perform work-related functions;

(C) Consider whether Plaintiff has a need for an assistive device;

(D) If appropriate, reevaluate Plaintiff's subjective complaints of pain and other symptoms; and

(E) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 28, 2024.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record