UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNE DAVIS,

      Plaintiff,

v.                                                                                          Case No. 8:22-cv-2964-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

      Defendant.
_____/

## **O R D E R**

### **I.  Status**

This cause is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. No. 33), filed June 24, 2024, with supporting Declaration (Doc. No. 33 at pp. 2-5), Memorandum (Doc. No. 33 at pp. 6-19),[1] Certificate of Conferral (Doc. No. 33-1), Retainer Agreement (Doc. No. 33-2 at pp. 1-3), Time Sheets (Doc. No. 33-2 at pp. 4-5), Assignment (Doc. No. 33-2 at pp. 6-7) and proposed order (Doc. No. 33-3). In the Motion, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $8,410.54 and expenses in the amount of $150.00 as reimbursement for the pro hac vice

---

[1] All of these documents are collectively filed as Doc. No. 33 and do not contain independent pagination. For ease of reference, the undersigned refers to them collectively as "Motion" and cites the pagination assigned by the Court's electronic filing system (CM/ECF).

fee counsel paid to become specially admitted for this case. Motion at 1, 4. Defendant filed a response on July 9, 2024. See Defendant's Response in Opposition to Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (Doc. No. 34; "Response").

Defendant opposes the Motion on three grounds: 1) the time and expenses incurred in preparing the pro hac vice application are not compensable under the EAJA; 2) the time spent in preparing the in forma pauperis application is clerical in nature and should not be compensated; and 3) Plaintiff impermissibly claims the hourly rate for New York and New Jersey instead of the place where the case is filed. See Response at 1-6. Upon due consideration and for the reasons stated below, the undersigned finds that the Motion is due to be granted in part and denied in part.

## II. Discussion

### A. Amount of Attorney's Fees and Expenses

Plaintiff's counsel indicates a total of 35.6 hours were expended in the representation of Plaintiff before the Court: 5.5 hours in 2022 and 30.1 hours in 2023. Motion at 4, 7; see also Doc. No. 33-2 at pp. 4-5 (Time Sheet). Plaintiff seeks compensation in the amount of $236.25 per hour for both years. Motion at 4, 7; Time Sheet.

Counsel is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee

rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees. As for Defendant's contention that the wrong CPI index was used by counsel (New York and New Jersey), it need not be resolved because the Court's typical method of calculating the cost of living increase dictates that the requested rate of $236.25 is reasonable. See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited Oct. 4, 2024).[2] Accordingly, the requested hourly rates will be awarded.

As noted, Defendant contests the 1 hour of time and expense of the $150 fee that counsel paid in seeking to appear pro hac vice in this matter, arguing they are not compensable under the EAJA. Response at 3. Plaintiff does not cite any specific authority permitting this time and expense under the EAJA. See Motion at 16 (citing 28 U.S.C. § 2412(d)(2)(A), which defines "fees and other expenses," saying nothing about pro hac vice applications). Under the circumstances, the 1 hour of time expended and the $150 fee are not

---

[2] In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-00148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

compensable. See, e.g., Doyle v. Berryhill, No. CV 117-144, 2018 WL 6332848, at *1 (S.D. Ga. Nov. 6, 2018) (report and recommendation finding pro hac vice costs are not compensable under the EAJA), adopted, 2018 WL 6331692 (S.D. Ga. Dec. 4, 2018).

Defendant also contests as clerical the 1.5 hours expended in preparing the in forma pauperis application. See Response at 3-4; Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (citation omitted) (clerical work is part of unrecoverable overhead expenses). The undersigned declines to cut these hours as clerical. The preparation of the in forma pauperis application did require some attorney judgment because it was submitted under oath and its accuracy is important. See Motion to Proceed In Forma Pauperis (Doc. No. 2), filed December 29, 2022.

Subtracting only the 1 hour for pro hac vice preparation, Plaintiff is entitled to compensation for 34.6 hours at an hourly rate of $236.25, for a total of $8,174.25 in attorney's fees. No expenses will be awarded.

**B. Assignment of Attorney's Fees**

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Motion at 4; Plaintiff's Declaration and Assignment of EAJA Fee (Doc. No. 33-2 at p.7). Regarding the assignment, Plaintiff's counsel represents the following:

> If the United States Department of Treasury determines that Plaintiff owes no debt subject to offset, the Plaintiff requests

>that the government accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney.

Motion at 17 (citation omitted).

### III. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Motion for Award of Attorney Fees Pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. No. 33) is **GRANTED** to the extent that the Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $8,174.25 pursuant to 28 U.S.C. § 2412(d). The Commissioner may exercise his discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

2. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on October 4, 2024.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record